**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | )   Docket No. 08-cr-112-P-S |
| DURRELL WILLIAMS, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION IN LIMINE**

Before the Court is the Government's Motion in Limine to Admit Evidence of Firearm Recoveries (Docket # 107).  Defendant asserts that this evidence should be excluded pursuant to Federal Rules of Evidence 403 and 404(b).  (See Def.'s Resp. (Docket # 125).)  As explained herein, the Court GRANTS the Government's Motion in Limine (Docket # 107) pursuant to the limitations described herein and subject to the Government satisfying all other evidentiary requirements.

Defendant is charged in a thirteen-count Superseding Indictment with several firearms offenses, as well as conspiracy to distribute and possess with intent to distribute cocaine base.  (See Superseding Indictment (Docket # 44).)  Count Three alleges that Defendant knowingly and intentionally conspired to willfully engage in the business of dealing firearms without being a licensed dealer of firearms.  (See id. at 5-6.) Specifically, the Government alleges that Defendant recruited others to purchase firearms in Maine, which he then transported to New York City for resale.  (See Government's Mot. (Docket # 107) at 1.)  Counts Nine through Thirteen allege that Defendant, having been convicted of a crime punishable by imprisonment exceeding one year, knowingly

possessed, in and affecting commerce, several firearms.  (See Superseding Indictment (Docket # 44) at 9.)

The Government now moves to admit evidence regarding the recovery of five firearms, four of which are specifically charged in the Superseding Indictment.[1]  All five firearms were purchased in Maine, during the period alleged in Count Three, by Defendant's alleged co-conspirators.  All five firearms were subsequently recovered in New York City during multiple arrests.  The Government claims that the evidence regarding the firearms' recovery is intrinsic to the charged crimes; the evidence will corroborate anticipated witness testimony and establish that the Count Three conspiracy occurred in the manner alleged.

In short, the Court agrees that because this evidence "comprises part and parcel of the charged offense[s]," it is intrinsic.  United States v. Gobbi, 471 F.3d 302, 311 (1st Cir. 2006).  Evidence regarding the recovery of the firearms, including the firearm not specifically charged in the Superseding Indictment, may assist the jury in concluding that the alleged conspirators were engaged in the business of selling in New York City firearms purchased in Maine.  See 18 U.S.C. §§ 371, 921(a)(11), (21).  This evidence may also help to establish that the firearms specifically charged in Counts Nine through Thirteen were connected with interstate commerce.  See id. § 922(g).

Of course, the jury may in both cases reject the evidence as attenuated or inconclusive.  But it is clearly direct proof of the charged crimes.  See United States v.

---

[1] The Cobra Enterprises .9 millimeter pistol, serial number CT020874, is charged in Counts Four and Nine; the Hi-Point Firearms .45 caliber pistol, serial number X432643, is charged in Counts Seven and Twelve; the Cobra Enterprises .9 millimeter pistol, serial number 01447, is charged in Counts Eight and Thirteen; and the Cobra Enterprises .380 caliber pistol, serial number FS010835, is charged in Counts Eight and Thirteen.  The Taurus .9 millimeter pistol, serial number TSH03351, is not specifically charged in the Superseding Indictment; however, this firearm was purchased in Maine, during the period alleged in Count Three, by Defendant's alleged co-conspirator.

Ofray-Campos, 534 F.3d 1, 35 (1st Cir. 2008).   Accordingly, Rule 404(b), which prohibits "other acts" evidence introduced to demonstrate propensity, is not implicated. See Gobbi, 471 F.3d at 311.

The Court must also consider whether the probative value of this evidence is "substantially outweighed by the danger of unfair prejudice."  Fed. R. Evid. 403.  As mentioned, these firearms were recovered during multiple arrests in New York City; Defendant was unconnected to all but one of these arrests.  Thus, in order to mitigate the likelihood of unfair prejudice, the Court directs the Government to limit its presentation of this evidence to the time and place of recovery.  The Government may not offer any evidence that the firearms were used in uncharged criminal activity.   Both the Government and Defendant are free to stipulate to facts otherwise necessary to ameliorate the possibility of unfair prejudice, and to raise this issue at trial should circumstances require.

Accordingly, the Court GRANTS the Government's Motion in Limine (Docket # 107) pursuant to the limitations described herein.

SO ORDERED.

/s/ George Z. Singal
United States District Judge

Dated this 13th day of February, 2009.

3