UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) Docket no. 2:08-cr-00112-GZS |
| DURRELL WILLIAMS, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (COMPASSIONATE RELEASE)**

Before the Court is Defendant's Motion for Compassionate Release (ECF No. 264). On October 15, 2020, the Court issued an Order to Show Cause (ECF No. 267) regarding the Motion. Having reviewed Defendant's responses to the Order to Show Cause (ECF Nos. 268 & 270), along with the entire docket, the Court DENIES the Motion.

**I.    LEGAL STANDARD**

A defendant seeking a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) must prove that he has exhausted available administrative remedies and that there are "extraordinary and compelling" reasons that presently warrant a reduction in his sentence. See 18 U.S.C. § 3582(c)(1)(A)(i). In considering what qualifies as extraordinary and compelling, this Court has generally looked to U.S.S.G. § 1B1.13 & Application Note 1.[1] Beyond those Guideline definitions of extraordinary and compelling reasons, the Court acknowledges that at least four circuits have now held that U.S.S.G. § 1B1.13 should not be viewed as limiting the reasons that the Court might

---

[1] See, e.g., United States v. Estrella, No. 2:15-cr-00032-GZS, 2019 WL 6689897 (D. Me. Dec. 6, 2019) (denying motion for compassionate release). The Court notes that based on a renewed, post-pandemic motion for compassionate release, Estrella was granted compassionate release. See United States v. Estrella, No. 2:15-cr-00032-GZS (D. Me. June 16, 2020).

consider extraordinary and compelling when a defendant brings a motion under 18 U.S.C. § 3582(c)(1)(A).  See United States v. McCoy, 981 F.3d 271, 281 (4th Cir. 2020); United States v. Jones, 980 F.3d 1098, 1110 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237 (2d Cir. 2020).  It is not clear whether the First Circuit will adopt this approach, although it has affirmed a compassionate release denial from the District of Maine while noting with apparent approval that "the district court did consider other relevant circumstances not specifically enumerated in the guidelines en route to denying relief." United States v. Fox, No. 19-1785 (1st Cir. July 23, 2020), *aff'g* No. 2:14-cr-00003-DBH, 2019 WL 3046086 (D. Me. July 11, 2019).  Given this backdrop, the Court reviews the entire record to consider whether a defendant presents any extraordinary and compelling reasons for a sentence reduction.

If the Court finds a defendant has established extraordinary and compelling reasons to reduce his sentence, the Court must next consider any applicable factors found in 18 U.S.C. § 3553(a).  See, e.g., United States v. Almeida, No. 2:11-CR-127-DBH-01, 2021 WL 22332, at *2 (D. Me. Jan. 4, 2021) (denying compassionate release based on § 3553(a) factors after finding that defendant's medical conditions qualified as extraordinary and compelling in light of the coronavirus pandemic).  Critically, in exercising its discretion to grant any sentence reduction, the Court also considers "the need . . . to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a)(2)(C); ); see also U.S.S.G. § 1B1.13(2) (requiring a court determination that "the defendant is not a danger to the safety of any other person or the community").

**II.    DISCUSSION**

Defendant Durrell Williams, now 35 years of age, is presently serving a 200-month sentence at Jesup FCI.  Currently, he has an estimated release date of July 31, 2024.  In his motion

papers, he estimates that he will be eligible to move to a halfway house in August 2023. (See ECF No. 268, PageID # 2709.) He presently seeks compassionate release citing the ongoing COVID-19 pandemic, along with its impact on prison operations as well as its impact on his family, including his high school age daughter. The Court acknowledges that the ongoing pandemic is an extraordinary event for our entire country. However, it is against this backdrop that Defendant must show individualized extraordinary and compelling reasons why he should not be required to serve the remainder of his sentence. Here, the record reflects that Williams is making significant strides towards rehabilitation despite modified prison operations. Likewise, the record shows that Williams is focused on helping his family and the community upon his release. While the Court commends Defendant on his focus and rehabilitation, the statute does not contemplate sentence reductions for commendable reasons, or even upon a simple finding that a defendant appears to be on track to lead a law abiding life if released. Rather, the statute requires extraordinary and compelling reasons, and Defendant's proffered reasons do not rise to this level.

Even assuming the Court were to find extraordinary and compelling reasons on the present record, the Motion also requires the Court to consider all applicable factors listed in 18 U.S.C. § 3553(a). The Court notes that it last had occasion to weigh those factors in connection with granting Williams a sentence reduction under the First Step Act in October 2019. See ECF No. 258. The evidence that Williams presents to the Court in connection with his current motion shows a continuation of the rehabilitation and release planning that Williams presented to the Court in connection with this earlier sentence modification proceeding. However, in 2019, the Court ultimately declined Defendant's invitation to impose a fourteen year sentence after weighing the nature and circumstance of Williams' offense, his history and characteristics, including all of his post-offense conduct. The various goals that informed the Court's 200-month sentence remain

3

and, as a result, the Court still believes that the § 3553(a) factors presently weigh in favor of not modifying Defendant's sentence and allowing him to immediately begin supervised release.

Based on the Court's conclusion that Defendant has not presented extraordinary and compelling reasons for a sentence reduction and the Court's weighing of the applicable § 3553(a) factors, Defendant's Motion (ECF No. 264) is hereby DENIED.

SO ORDERED.

          /s/ George Z. Singal
          United States District Judge

Dated this 2nd day of February, 2021.